Cheves, J.,
dissented in the following words:
On the general question of law in this case, the counsel have not differed. According to the authorities, the general rule is, that the ship owner is entitled to no freight under the original contract, unless the goods be delivered at their ultimate destination ; or, unless he be prevented from delivering them, by the act of the owner of the goods. Luke v. Lyde, (2 Burr. 882;) Cook v. Jennings, (7 T. R. 379;) Mulloy v. Backer, (5 East, 321;) Liddard v. Loper, (10 East, 526.) But if the ship owner voluntarily deliver them *to the owner of the goods, and the latter voluntarily agree to accept, at an intermediate port or place, pro rata freight will be due. But so perfectly indivisible is the original contract considered, that it is not at all the foundation of the claim for pro rata freight. This is due on a new implied contract. Cook v. Jennings, Mulloy v. Backer, Liddard v. Loper. A necessary ground of this implied contract is the voluntary acceptance of the goods by the owner; for he may hold the ship owner to his original contract, if he please, however onerous the obligation may be; nor will an embargo dissolve the contract. Hadley v. Clarke, and others, (8 T. Rep. 265.)
It is said that the foundation of this new implied contract need not be a beneficial service; and that, though in the case before us, the freight from Beaufort to St. Mary’s would have been greater than from Charleston to St. Mary’s, (and I think this was undeniable,) the plaintiff was entitled to recover pro rata itineris. This appears to accord with the fact in the case of Luke v. Lyde, for it is there stated, that “the freight from Biddeford to Lisbon was higher than from Newfoundland to Lisbon.” I do not know, however, that this point is to be considered as settled. It was not expressly declared in Luke v. Lyde. The doctrine on this subject was then new. Lutwhytche v. Gray, and Luke v. Lyde, have laid the foundation of it. The latter case has been found to require explanation, on other points, and it may require it in this. In the case of Mulloy v. Backer, 5 East, 322, Lord Ellenborough admits this point hypothetically. He says, “there (in Luke v. Lyde, it seems an implied contract was raised, if not on the ground of beneficial service, at least, on the ground of labor performed by the plaintiff.” Mr. Justice Le Blanc, in the same case, (Id. 324,) says it was put on the footing that the plaintiff might recover upon an implied assumpsit for a benefit already conferred on the defendant, which, in that case, was implied from the acceptance of the goods by the defendant; and I do not know, that it has been *any where expressly said or determined, that, in the absence of a beneficial service, this contract will be implied. If not, the question would seem open for the operation of general principles. It is admitted, that labor performed, by an express or even an implied request, though not beneficial, will lay the foundation of an implied assumpsit; but there is no such request in the case we are considering; and I am not aware of any case, where an implied assumpsit can be raised without a request, expressed or implied, and without-the performance -of a beneficial service.
It would seem, that a request is the foundation of every implied assumpsit, and that when it is not express, it is implied from the same benefit or duty affecting the person wlio is supposed to promise. But *83 the principle we are called upon to admit, seems to be no less than that a compensation for labor performed without request, shall be recovered by a person failing to perform a contract, for an injury done from the person injured. Suppose goods landed on a remote, uninhabited island, which happens to lie in the course of the voyage, from which it would be very expensive and difficult to remove them, still, on this principle, freight pro rata itineris would be due. This seems impossible, yet the case differs from that before us only in degree. In principle they are the same. The injury in the latter is only not so great.
Implied contracts are, “such as reason and justice dictate.” 3 Black. Com., 159.
It is presumed, “ that every man has engaged to perform what his duty, or justice required.” Id., 162.
On these principles, a contract, it would seem, cannot be raised in the case we are considering. It is impossible to convert the original contract into a request to perform the alleged labor. It would more justly be considered a request not to perform it. So true is this, that in the particular case before us, the defendants requested that their goods might be brought back to the port where they were laden. Nor can the acceptance by the owner of the goods, I think, be *viewed as an acknowledgment of any benefit received. I am aware that Mr. Justice Le Blanc says, in Mulloy v. Baker, (5 East, 324,) that in Luke v. Lyde, this benefit was implied from the acceptance by the owner of the goods. But it was evident he was only laboring to afford an explanation of the principle of Luke v. Lyde, as Lord Ellenborough had done before, in the same case, and did not intend to add to the authority of that case on this point. In the very next sentence, he inquires whether, in the case before him, a benefit had been enjoyed; and he puts the implied contract on the benefit received, where it ought always to rest. Now, if this be the principle, the question ought to be at an end ; for although, in Luke v. Lyde, as a matter of fact, this benefit was wrongly inferred, it would be paying more than idolatrous veneration to the authority of that ease to draw such an inference in all other cases against the fact. All that can be fairly implied from the acceptance of the goods, (which must always be by the consent of the ship owner, or he will be entitled to his full freight, unless he has forfeited his right to it by misconduct,) is the dissolution of the original contract. It may contribute to lay the foundation of the implied assumpsit, to pay pro rata freight, according to the benefit received, but cannot be considered as furnishing evidence of a benefit received, especially where it cannot be denied that an injury was done.
On the whole, I am not satisfied, that any freight can be recovered in this case, supposing the acceptance of the goods by the defendants at Beaufort to have been voluntary, and with a view to dissolve the original contract; because the delivery at Beaufort was not a benefit, but an injury to them. But if the law should be otherwise, I am quite satisfied, that the delivery at Beaufort was an act of necessity, and that the concurrence of the defendants, in this act of necessity, was an act of favor and indulgence to the owner of the vessel. That it was not intended to dissolve the original contract of affreightment, but merely to give their *84 which was an act of absolute necessity on the part of the ship owner. *sanction to the mode in which the captain of the vessel should make a deposit of these goods while the embargo should subsist,
Simons, for the motion. Hunt, contra.
Nott, J., concurred with Cheyes, J.